## SMITH v. JAMES AND STRATTON.

### April 5, 1836.

*Rule to show cause why the fieri facias should not be set aside.*

A indorsed two promissory notes (drawn by B) for the accommodation of B, payable at different periods, and took from B a bond and warrant of attorney, the penalty being in double the amount of the two notes, and the condition being for the payment of a sum equal to the amount of the two notes at a time previous to the maturity of either of the notes. When the first note became due, it was protested for non payment, whereupon A, having paid it, entered up judgment on the bond, and issued a *fieri facias* against B, for the whole amount. *Held,* that the execution was rightly issued, although the second note was not due.

*It seems* that where one becomes surety for another for a certain sum or sums, and takes a bond and warrant from his principal in the usual form, for a sum or sums corresponding in amount, or to pay the specific sum or sums to the creditor, and there is a partial or total default of payment by his principal, even though the whole money be not due, he may issue execution *for the whole*; and this whether he has made payment or not.

THIS was a rule on the plaintiff to show cause why the *fieri facias* issued in this case should not be set aside.

On the 11th of August 1835, the plaintiff indorsed a promissory note for 217 dollars 22 cents, payable six months after date, for the accommodation of the defendants, by whom it was immediately delivered to a third person, in discharge of a debt contracted by the defendants. And on the 23d of October 1835, another note, for 200 dollars 95 cents, at six months, was also indorsed by the plaintiff for the accommodation of the defendants, who transferred this note in like manner to one of their creditors. A bond in the ordinary form, with a warrant of attorney, was executed by the defendants in favour of the plaintiff, dated the 27th of October 1835, the penalty being in double the amount of the two notes, conditioned for the

[Smith v. James and Stratton.]

payment of a sum precisely equal to the aggregate amount of the same notes, thirty days after the date of the bond.

In the *affidavit* of the defendant (James), upon which the rule had been obtained, he stated, that the bond " was to be held by the plaintiff as a security that the defendants would pay these two notes as they became due." But no proof was offered by either party on the *hearing*.

The first note become due on the 14th of February 1836, and the plaintiff was obliged, by the default of the defendants, to pay it. Having done so, he immediately entered judgment upon the bond and issued execution, which has been levied on the defendants' goods for the whole amount of the two notes. On the 16th of February, the defendant (James) called upon him and offered to pay the amount of the first note, with the interest and costs which had accrued, on condition that proceedings should be stayed upon the execution. This the plaintiff refused, insisting upon his right to proceed, as the judgment was intended as a security for the two notes.

*F. E. Brewster*, for the rule.

*J. H. Campbell, contra,* cited, Miller *v.* Howry, 3 *Penns. Rep.* 374.

PER CURIAM.—The bond on its face stipulates for the payment of the very sum for which the execution has been issued, after thirty days from its date. This period was reached long since, and had the plaintiff resorted to this writ without further delay, it is clear that in defect of proof of a special condition violated by his doing so, we could not interfere. Now no evidence whatever has been offered by the defendants on the hearing of the present rule. On this plain ground the application must be denied.

But giving effect to the defendant's own allegations, his situation is not more favourable. The plaintiff appears to have indorsed the notes without the slightest reciprocity or benefit of any description, and the precise purpose of the bond was to secure him for this gratuitous act, against the responsibility which he thus incurred. In Monell *v.* Smith and Jenkins, 5 *Cowen* 441, it was held, that, " where one becomes surety for another for a certain sum or sums of money, and takes a bond and warrant from his principal in the usual form, for a sum or sums corresponding in amount, or a bond

and warrant conditioned to pay the specific sum or sums to the creditor, and there is a *partial* or total *default of payment by his principal, even though the whole money be not due, he may issue execution for the whole ; and this whether he has made payment or not.*"

Rule discharged.